**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MAREK BISZCZANIK,

    Plaintiff,

v.                                                      Case No. 16-11957

NATIONSTAR MORTGAGE LLC, and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING AMENDED COMPLAINT**

Plaintiff objects to the Report and Recommendation ("R&R") of Magistrate Judge Anthony Patti that this court dismiss the complaint in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. #34.) Plaintiff filed timely objections (Dkt. #35), and Defendants have filed a response (Dkt. #36). The court will overrule Plaintiff's objections, adopt the report and recommendation, and dismiss the complaint for the reasons stated below and in the well-reasoned R&R.

The filing of timely objections to an R&R requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This de novo review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

In the instant case, Plaintiff's "objections" appear to consist nearly entirely of material copied and pasted verbatim from Plaintiff's response brief in opposition to Defendants' motion to dismiss. (*Compare* Dkt. #19, *with* Dkt. #35.) Confronted with a similar circumstance, the court in *Shade v. Commissioner of Social Security*, explained:

> Each written objection presented pursuant to Federal Rule of Civil Procedure 72(b) must be "specific" and address the "proposed findings and recommendations." This court expects that each such objection will be numbered, identify a proposed finding or conclusion, and explain why and how the magistrate judge's analysis is incorrect. In order for this court to apply meaningful de novo review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment (or response to the other party's dispositive motion). Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection.

No. 14-12629, 2015 WL 5693665, at *1 (E.D. Mich. Sept. 29, 2015) (citations omitted). This court also reached the same conclusion in *Wallace v. Commissioner of Social Security*, where the objections were "simply Parts 3 and 4 of the Argument section from

her Motion for Summary Judgment . . . copied, pasted, and rebranded as objections to the R&R." No. 15-11839, 2016 WL 4409062, at *2 (E.D. Mich. Aug. 19, 2016) ("Because Plaintiff raises no specific objections to [the] R&R but merely repeats her brief word for word, Plaintiff has waived any matter therein that might otherwise be cast as an objection.").

Here as well the court will interpret Plaintiff's filing as constituting fundamentally insufficient "general" objections. "However, there is some authority that a district court is required to review the R&R for clear error." *Hill v. Comm'r of Soc. Sec.*, No. 13-CV-15257, 2014 WL 6686789, at *1 (E.D. Mich. Nov. 26, 2014) (citing Fed. R. Civ. P. 72). Having reviewed the meticulously researched and cogently reasoned R&R, the court finds no clear error. The court agrees with the result reached as well as the stated reasoning. Accordingly,

IT IS ORDERED that Plaintiff's objections (Dkt. #35) are OVERRULED. The magistrate judge's Report and Recommendation (Dkt. #34) is ADOPTED in its entirety and incorporated by reference.

IT IS FURTHER ORDERED that Defendants' motion to dismiss (Dkt. #16) is GRANTED.

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated:   July 10, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 10, 2017, by electronic and/or ordinary mail.

                                                                s/Lisa Wagner
                                                                Case Manager and Deputy Clerk
                                                                (810) 292-6522

S:\CLELAND\JUDGE'S DESK\C2 ORDERS\16-11957.BISZCZANIK.ADOPTR&R.BSS.DOCX

4